```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION

UNITED STATES OF AMERICA,      §
                               §
                   Plaintiff,  §
                               § Criminal No. 3:09-CR-249-D
VS.                            §
                               §
CHASTITY LYNN FAULKNER, et al.,§
                               §
                   Defendant.  §
```

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order, the court addresses several pretrial motions filed by the government.[1]

I

*Motion for Reciprocal Discovery*

A

The government moves for reciprocal discovery from the defendants pursuant to Fed. R. Crim. P. 16(b)(1)(A) and (B) and 26.2. Specifically, the government requests that the defendants disclose (1) documents that the defendants intend to use in their cases-in-chief; (2) digital evidence that the defendants intend to use in their cases-in-chief; and (3) results or reports of physical or mental examinations and scientific tests or experiments made in connection with this case. The government also requests that the defendants produce witness statements pursuant to Rule 26.2. Defendants Nathan Todd Shafer ("Shafer"), Matthew Norman Simpson

---

[1] The government's motions *in limine* will be addressed during or after the pretrial conference.

("Simpson"),[2] and Michael Blaine Faulkner ("Faulkner")[3] filed responses opposing the government's request.[4]

Rule 16(b)(1) provides:

> (A) Documents and Objects.  If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if: (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

---

[2]Although Simpson filed a response opposing the government's motion for reciprocal discovery, he has not explicitly requested disclosure under Rule 16(a)(1)(E) such that he is obligated to provide reciprocal discovery under Rule 16(b)(1)(A).  He has requested discovery under Rule 16(a)(1)(F) and (G).  The government may, as explained *infra* in §§ I(B) and II, move for discovery from Simpson under Rule 16(b)(1)(A) if it has grounds to assert that he has made a request under Rule 16(a)(1)(E).

[3]Although Faulkner filed responses opposing the government's motion for reciprocal discovery and motion for disclosure of expert testimony, he has not explicitly requested disclosure under Rule 16(a)(1)(E), (F), or (G) such that he is obligated to provide reciprocal discovery.  The government may, as explained *infra* in §§ I(B) and II, move for relief as to Faulkner if it has grounds to assert that he has made a request under Rule 16(a)(1)(E), (F), and/or (G).

[4]According to the government, six defendants did not respond to the government's attempts to confer regarding this motion, three defendants were unable to take a position without reviewing the motion, four defendants did not oppose the motion, and one defendant was unable to confer.  Defendant Alicia Cargill Smallwood opposes the motion in part but did not file specific objections.

> (B) Reports of Examinations and Tests. If a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if: (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

Rule 16(b)(1)(A) and (B).

Shafer, Simpson, and Faulkner object to the government's request for disclosure and argue that the government has not complied with the defendants' requests for disclosure as required to trigger their reciprocal discovery obligations. They argue that until the government provides discovery in an accessible form, they are not able to provide reciprocal discovery.

Shafer and Faulkner argue that the government must segregate some documents that relate to them. They also maintain that, although the government has provided 1.5 terabytes of digital discovery to the defendants, it has not complied with their discovery requests because the documents have not been provided in an accessible form. Shafer also posits that the government has not provided results or reports of physical examinations or scientific tests or experiments, and therefore his reciprocal obligation has not been triggered.

Simpson more generally opposes the government's request and

argues that (1) he cannot determine what documents will be used in his case-in-chief at this time; (2) he has requested Rule 16 discovery from the government; and (3) despite his request, the government has not identified evidence that supports the specific allegations of the indictment with respect to him.

B

A defendant's obligation to provide discovery to the government is triggered where the defendant requests the same discovery from the government and the government complies with the request. The government avers that it has complied with its Rule 16 obligations upon defendants' requests. The court has appointed a coordinating discovery attorney, and it has approved the expenditure of funds to enable experts working on behalf of defense counsel to convert discovery to a form that will allow counsel to use it in preparing for and trying the case. Defendants therefore have (or will have) access to electronic discovery in an unencrypted form. The court holds that the government has complied with defendants' requests and that defendants' corresponding discovery obligations are therefore triggered.

The court grants the government's request for production under Rule 16(b)(1)(A) and (B) as to Brian Patrick Haney ("Haney"), Shafer, Alicia Cargill Smallwood ("Smallwood"), and Marcus William

Wentrcek ("Wentrcek").[5]  The court grants the government's request for production under Rule 16(b)(1)(B) as to Simpson.  These defendants requested disclosure from the government under Rule 16(a)(1)(E) and/or (F), and the government avers in its responses to defendants' requests that it has provided and will continue to provide such discovery.  Haney, Shafer, Simpson, Smallwood, and Wentrcek must, no later than April 18, 2011 at noon, make the required disclosures to the government.

To the extent that the government has grounds to assert that a defendant other than Haney, Shafer, Simpson, Smallwood, and Wentrcek made a request for production under Rule 16(a)(1)(A) and/or (B), the government may move for relief within seven days from the date of this memorandum opinion and order.

Concerning the government's request for material covered by Rule 26.2, in accordance with the custom in this district, defendants must disclose such statements no later than the end of the business day that precedes the date on which the government will begin its cross-examination of a witness.

---

[5]The court has been notified that Wentrcek intends to plead guilty.  If he enters a plea, the court's decisions today are moot as to him, and he need not comply with any obligations imposed by this memorandum opinion and order.

II

*Motion to Disclose Experts*

The government moves for the defendants to provide written summary of expert testimony pursuant to Rule 16(b)(1)(C).[6]  Rule 16(b)(1)(C) provides:

> The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if——(i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.  This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Rule 16(b)(1)(C).

The court grants the government's request for production as to Simpson, Smallwood, and Wentrcek.  These defendants requested disclosure from the government under Rule 16(a)(1)(G), and the government avers in its responses to the defendants' requests that it has provided and will continue to provide such discovery. Simpson, Smallwood, and Wentrcek must, no later than April 18, 2011 at noon, make the required disclosures to the government.

---

[6]According to the government, six defendants did not respond to the government's attempt to confer regarding the motion, five defendants did not oppose the motion, two defendants were unable to take a position without reviewing the motion, and one defendant was unable to confer.  Smallwood opposes the motion, but did not file a response.

To the extent that the government has grounds to assert that a defendant other than Simpson, Smallwood, and Wentrcek made a request for production under Rule 16(a)(1)(G), the government may move for relief within seven days from the date of this memorandum opinion and order.

### III

*Motion for Notice of Public Authority*

The government moves for notice of any defendant's intent to assert a public authority defense under Rule 12.3 or a defense of good faith reliance on advice of counsel or other expert.[7]

The government requests that a defendant disclose his or her intent to rely upon a public authority defense as well as the law enforcement agency or intelligence agency involved, the agency member on whose behalf the defendant argues he or she acted, and the time during which the defendant argues he or she acted with public authority.  Simpson responds that he does not intend to rely upon a public authority defense.  Shafer acknowledges the requirements of Rule 12.3 and agrees to provide notice should he intend to assert a public authority defense.  To the extent that Shafer agrees to the disclosure the government seeks and Simpson

---

[7]According to the government, seven defendants did not respond to the government's attempt to confer regarding this motion, three defendants were unable to take a position without reviewing the motion, three defendants did not oppose the motion, and one defendant was unable to confer.  Smallwood agreed to it in part and opposed it in part.

avers that he does not intend to assert a public authority defense, the motion is denied as moot. Otherwise, any defendant who intends to assert a public authority defense shall inform the government no later than April 18, 2011 at noon.

The government also asks that a defendant disclose his or her intent to assert a defense of good faith reliance on attorney or expert advice. Faulkner, Simpson, and Shafer oppose the government's motion in this respect and argue that the government has cited no authority for its request. Faulkner and Simpson also aver that such disclosure may violate the attorney-client privilege. Because the government has not cited any authority for its request, the court denies the government's motion in this respect as exceeding what is required by law.

**SO ORDERED.**

March 21, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE